Please call the next case. Mr. James, you may proceed. Thank you, Your Honor. Please escort opposing counsel. I'm Tom James, and I represent the tax objectors. This is our appeal, and with regard to this appeal, it's of import that the court take notice that there's two counts that have arisen out of this case. And I say that because there's a prior ruling from the third district that dealt with the LaSalle County levies. And from that case, which only had one count before the appellate court, there was a dispositive ruling that deals with some of the issues of this case. But it deals with it from the statutory standpoint of the case. Count two is the equitable version of the case. Before I go into much with regard to that difference, there is also a position that we've taken with regard to House Bill 1465 and the single subject rule to the extent that that applies. And we believe it does. That would move the class action ban as currently exists under the Illinois property tax code. I'm going to deal primarily at this point with count two because count two is pledged in equity. And that's of import because of some of the decisions that came out also over the summer, in particular the millennium decision that came out of the first district. Count two pleads that the levy, the Grundy County levy, is unauthorized. That's of import because the defendant answered the complaint in the trial court. By answering that complaint, they've admitted that there's a cause of action for that unauthorized levy. Or in other words, there is a cause of action for a tax objection to the unauthorized levy of Grundy County. That, however, is not part of the 304A finding. That's before the court. And I bring that up because they raised that, they being opposing counsel, raised in their responsive brief and took the position that it was authorized. There's been no finding on that in the trial court. And there is no language in the 304A finding to bring that issue before the court. Should the court decide to review that, regardless, because under Rule 366, I believe the court could. In that regard, it's important to look at the trial record. That admission by the answer is controlling. And to the extent one wants to look further, then you have the second district decision, an in-rate tax objection to the tax levies of the Freeport School District. That case deals with an unauthorized levy. In fact, it deals with it in virtually the same context as we have before this court. The unauthorized levy in the Freeport case arose out of 745 ILCS 10-9-107. And the reason that's of import is because there's a policy declaration that's in that statute. And that policy declaration points out that if you try to fund through a levy issues that are not specifically listed in that policy provision, it's unauthorized. And the second district went through the basis for that policy declaration in detail. Ultimately, what they had to do was deal with a definition of risk management. The statute doesn't define risk management. In order to figure out a definition, there was a battle of the experts before Judge Gunnarsson. And what occurred, and that's in the trial court, what occurred is that in the trial court in the second district, the trial court found in favor of the Saxton Williams definition of risk management. On review, that same definition of risk management was accepted by the second district. And they came to that position because the policy declaration in 9-107 is pretty specific. It points out that the use of tax revenues authorized by this section for purposes not expressly authorized under the Act is improper. Provisions of this section shall be strictly construed consistent with the declaration and the Act's expressed purposes. That becomes very important when you start to look at the Millennium decision out of the first district, because the Millennium decision points out in hell that one does not need to exhaust legal remedies in order to use equity when the tax is unauthorized. The premise of opposing counsel's responsive brief is that we have to exhaust those legal remedies before we can access equity. There's also been some ruling with regard to the third district on the necessary party rules. However, at the trial court level, we've pled in the alternative, not only with regard to necessary joinder, but also with regard to permissive joinder. And in that context, to access equity, we do not necessarily have to deal with the necessary party rule. We do need to deal with whether the tax is unauthorized. That, of course, brings us back to the trial record and where it stands before this court now. They answered the complaint. Consequently, they admit to the cause of action, excuse me, the cause of action being unauthorized. As such, the only thing this court's really deciding with regard to count two is whether we can access equitable procedure and remedy when we have pleaded an unauthorized levy for a tax objection. That's been decided in the first district. I also need to inform the court there's a petition for legal appeal that's been granted in that case. I don't know what is going to happen in the Supreme Court. Regardless, in light of the answer in the second district's decision, the holding in the Freeport tax objection case provides for a tax objection when there's an unauthorized tax, and the millennium decision allows us to use equity, which is count two, for purposes of going forward to use those equitable procedures. One of those procedures is the doctrine of representation. As we can access it under those decisions, it's our position that the doctrine can be utilized in this case. Thank you. Questions? Okay. Thank you, Mr. James. Ms. Kelly, you may respond. May it please the court, counsel? It is our position that the opinion of this court issued in August does control the outcome of this case. This is a case initiated by filing a tax objection under the property tax code. When a taxpayer files a tax objection, he has an adequate remedy at law, and that is a refund of the taxes paid if he establishes his case. Fremont County has taken the position in this appeal that the tax is not an unauthorized tax, such as to allow equitable remedy. The county is authorized to levy a tax for this purpose. The objection filed by the tax objectors in this case goes to how the proceeds of the levy were applied. And cites irregularities in that, that does not make the tax unauthorized. Grundy County was and is at all times authorized by the statute to levy a tax under the statutes for the tort immunity fund, and the levy is therefore not unauthorized. The opinion of this court that all the taxpayers of Grundy County would not be necessary parties to this appeal applies to both counts of the complaint filed by the tax objectors. The tax objectors filed objections pursuant to the property tax code, and they have an adequate remedy of law. The property tax code provides that adequate remedy of law. When there is an adequate remedy of law, there is no need to invoke equitable jurisdiction of the court. The people submit that the original opinion issued by this court in August controls this case, that the doctrine of representation is not available to bring in all of the other taxpayers of Grundy County. They are not necessary parties to either count of the complaint, and the objectors have elected to proceed by basis of a tax objection under the property tax code. They have their remedy of law, that is an adequate and complete remedy. What about, that's all well and good, but opposing counsel is saying we've got to count two here, unlike the LaSalle County case where we are saying that by your answer you have admitted that it's unauthorized, how do you respond to that? I don't have the answer in front of me, and I don't frankly recall exactly what was answer two. As we pointed out in our brief, counsel has thrown around the term unauthorized levy, to mean something other than what the case law with regard to an unauthorized tax that allows equitable remedy to be. The government of the complaint, both counsel, the complaint filed by the tax objectors in this case, we believe, is the application of the funds raised by the levy and whether, in fact, there was too much of an accumulated surplus. That does not vitiate the levy. The unauthorized levy allowing for equitable relief means a levy that the county is not authorized to levy at all. That there's no authority in law, and there is authority in law for the levy in this case. Well, it seems that a dissent in the first district case would pretty much succinctly take that view. How do you deal with the majority in the first district? In the Millennium Park case? Yes. I think we're talking about apples and oranges in the Millennium Park case and in this case. In the Millennium Park case, we're talking about whether the item assessed was even an assessable interest. It was a restaurant lease in Millennium Park. In this case, we're talking about real property, we're talking about the lots and lands of Grundy County. Clearly, that's an assessable interest. Clearly, the legislature provides to the county the authority to levy this sort of a tax. How the levy funds are applied is what the subject of the tax objection is in this case. But the authority to levy a tax on the lots and lands of Grundy County is authorized. And I believe that the first district case is inapplicable to the incident case, because it talks about an interest in a restaurant contract, or the question being whether it's even an assessable interest, which doesn't exist in this case. I don't believe there are any further questions. Thank you. Thank you. Mr. James, you may reply. Thank you, Your Honor. With regard to the authorization or lack of authorization, that very issue was taken up in the 308 appeal to the second district. And they specifically reviewed 9107 for that authorization issue. And they held that given that they were using a risk management plan, and they were trying to pay salaries in that case, that that was unauthorized. Now there's a portion of ASEL of the superintendent that was found authorized, because it complied with the Saxton Williams test, and there's a four part test to doing that. All of those issues are ones of fact that are going to have to be dealt with back at the trial court to deal with the issue of the authorization on the very answer which they provide. This court is a court of review. In a court of review, you have to deal with the case as it's presented. And it's presented in this case with an answer. And I point out, that answer can be found at the common law record at pages 150 through 157. The more important point, however, is that as the second district has made that finding, that then ties directly back in to the millennium decision. Because the millennium decision says that for purposes of equity, we don't have to exhaust those legal remedies. Consequently, taking both the second district decision and the first district decision together, it's our position that we can access equity, and as such, we can utilize the doctrine of representation. Can I take any questions that you may have? I don't believe there are any. Thank you, Mr. James. Thank you, counsel, for your arguments in this matter this morning. It will be taken under advisement, and a written disposition shall issue.